IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**ALLISSA CLEMENTS**                                                                                    **PLAINTIFF**

**vs.**                                                       **CIVIL ACTION NO. 2:12CV144-SAA**

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security**                                      **DEFENDANT**

## MEMORANDUM OPINION

This case involves an application under 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Allissa Clements for period of disability or disability insurance benefits (DIB) under Section 216(I) and 223 of the Social Security Act, as well as for supplemental security income payments under Section 1614(a)(3) of the Act. Plaintiff protectively applied for disability insurance benefits on September 16, 2008, alleging that she became disabled on June 9, 2008. Docket 5, p. 120. At the second hearing, she amended her onset date to July 1, 2009. *Id.* at 840. The plaintiff's claim was denied initially and on reconsideration. *Id.* at 31-39. Plaintiff timely requested a hearing, which was held on March 29, 2011 (*Id.* at 764-96); the same ALJ held a second hearing on September 23, 2011. *Id.* at 797-838. The ALJ issued an unfavorable decision on October 7, 2011. *Id.* at 13-30. Plaintiff requested and was denied review by the Appeals Council via letter on June 1, 2012. *Id.* at 9-11. The plaintiff timely filed the instant appeal from the Commissioner's most recent decision, and it is now ripe for review. In accordance with the provisions of 28 U.S.C. § 636(c), both parties have consented to have a magistrate judge conduct all the proceedings in this case, the undersigned therefore has the authority to issue this opinion and the accompanying final judgment.

# I. FACTS

The plaintiff was born on November 7, 1970, and was 38 years old at the time of her amended onset date. She obtained a GED, and her past relevant work was as a licensed practical nurse. *Id.* at 174, 794. She contends that she became disabled on July 1, 2009 as a result of "paranoia, bipolar, anxiety attacks, COPD, left shoulder rotator cuff injury, lupus, stomach ulcers." *Id.* at 167.

The ALJ determined that the plaintiff suffered from "severe" impairments including neck disorders, chronic obstructive pulmonary disease (COPD), lupus, history of left shoulder impingement, visual disorders, anxiety disorder, post traumatic stress disorder, and history of substance abuse, but that these impairments did not meet or equal any impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1, (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). Docket 5, p. 18-23. The ALJ found that the plaintiff retains the Residual Functional Capacity (RFC) to

> occasionally and frequently lift or carry 10 pounds; stand/walk 2 hours in an 8-hour workday; sit 6 hours in an 8-hour workday; and perform pushing and pulling to the extent of 10 pounds. . . . The claimant is limited to work requiring no fine visual acuity and work with no driving. The claimant must avoid all exposure to moving, dangerous, hazardous machinery and . . . concentrated exposure to pulmonary irritants such as fumes, odors, dust, gases, poorly ventilated areas, humidity, chemicals and temperature extremes. Additionally, the claimant would be limited to unskilled work with no contact with the public and only occasional contact with coworkers. The claimant is additionally limited to low stress work defined as little change in the work environment, little decision making and no strict production quotas.

*Id.* at 23. In light of testimony by a vocational expert [VE] at the second hearing, the ALJ found

plaintiff incapable of performing her past work, but held that there are jobs that exist in significant numbers in the national economy that plaintiff can perform [*Id.* at 28-29], including as an eye glass polisher (DOT No. 713.684-038), charge account clerk (DOT No. 205.367-014) and lens inserter (DOT NO. 713-683.026). *Id.* at 29-30. Therefore, the ALJ found plaintiff not disabled under the Social Security Act. *Id.* at 30.

Plaintiff claims error because the administrative record is incomplete and does not include the full report of a physician whose opinion was afforded significant weight by the ALJ and because the ALJ did not acknowledge or resolve a conflict between testimony from the two VEs, or conflicts between job requirements set out in the Dictionary of Occupational Titles [DOT] and the testimony of the VE at the second hearing.

The court concludes that the ALJ did not properly resolve either the clear conflict between testimony by the first VE and that of the second VE, or the obvious conflicts between the second VE's testimony and DOT job descriptions, and her opinion is therefore unsupported by substantial evidence. In light of these conclusions, the court need not address the remaining claims of error.

## II. STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining her burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[2] First,

---

[1] *See* 20 C.F.R. §§ 404.1520, 416.920 (2012).

[2] *Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

3

plaintiff must prove she is not currently engaged in substantial gainful activity.[3] Second, plaintiff must prove her impairment is "severe" in that it "significantly limits [her] physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude plaintiff is disabled if she proves that her impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5] If plaintiff does not meet this burden, at step four she must prove that she is incapable of meeting the physical and mental demands of her past relevant work.[6] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that she is capable of performing other work.[7] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that she cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to

---

[3] 20 C.F.R. §§ 404.1520(b), 416.920(b) (2012).

[4] 20 C.F.R. §§ 404.1520(c), 416.920(c) (2012).

[5] 20 C.F.R. §§ 404.1520(d), 416.920(d) (2012). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2011).

[6] 20 C.F.R. §§ 404.1520(e), 416.920(e) (2012).

[7] 20 C.F.R §§ 404.1520(g), 416.920(g) (2010).

[8] *Muse*, 925 F.2d at 789.

scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds that the evidence leans against the Commissioner's decision.[10] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

### III. DISCUSSION

Plaintiff asserts on appeal that the ALJ failed to resolve a conflict in testimony by the VE and the DOT. Docket 24, p. 10. The ALJ relied upon testimony of the VE at the second hearing to determine that the plaintiff was not disabled and could perform the jobs of an eye glass

---

[9]*Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[10]*Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

polisher, a charge account clerk and a lens inserter. Docket 5, p. 29-30. The Commissioner responds that if any conflict exists, it is "merely an implied or indirect conflict, as opposed to an actual conflict."[11] Docket 25, p. 11.

Plaintiff points out that the DOT description of each of these three jobs directly conflicts with the ALJ's RFC and the hypothetical provided to the VE. The ALJ limited plaintiff to "work requiring no fine visual acuity." the DOT description of the eye glass polisher position (# 713.684-038) not only requires "frequent near acuity," but also requires use of a polishing wheel in violation of the ALJ's limitation that plaintiff "must avoid all exposure to moving, dangerous, hazardous machinery." Docket 5, p. 23. Similarly, the DOT description of charge-account clerk (#205.367-014) requires the employee to "assist customer in filling out application or complete[] application for customer" which requires occasional near acuity, dealing with the public and "attain[ing] precise set limits, tolerances, and standards," conflicting with the ALJ's limitations of "no fine visual acuity," "no contact with the public" and "low stress work." Last, the position of a lens inserter (#713.687-026) requires work at a conveyor belt in addition to frequent near acuity, both clearly in direct conflict with the ALJ's limitation.

The Fifth Circuit has adopted a "middle ground" approach in evaluating conflicts in VE and DOT testimony and permits an ALJ to rely on vocational expert testimony if the record reflects an adequate basis for doing so. *Carey v. Apfel*, 230 F.3d 131, 146-47 (5th Cir. 2000). However, the court is of the opinion that the ALJ in the instant case did not have an adequate

---

[11] The Commissioner objected to the court's consideration of the exhibits attached to plaintiff's brief. Docket # 25. Exhibit B to plaintiff's Brief was simply the DOT job descriptions cited by the vocational expert at the second hearing that were provided by plaintiff for the court's reference. Clearly the court may consider the DOT job descriptions utilized by the VE to provide testimony during the hearing.

basis to rely upon the testimony of the second VE. Clearly an individual with vision problems cannot perform the job of an eye glass polisher, the very title of which suggests a need for frequent, near acuity. Similarly, the position of a lens inserter would require fine visual acuity in contradiction to the ALJ's hypothetical to the VE and the RFC. These types of conflicts are not implied or unexplained, but instead are direct and, frankly, obvious. The ALJ's reliance upon the testimony of the second VE was erroneous, and her ultimate decision is unsupported by substantial evidence.

Further, plaintiff contends on appeal that the ALJ failed to resolve a conflict in the testimony between the VE who testified at the first hearing and the VE who testified at the second hearing. Docket 24, p. 5. At the first hearing, the VE testified that the limitations provided in the hypothetical by the ALJ "pretty much eliminate sedentary work, . . . since most of them are jobs that require pretty good visual acuity. So, I would have to say no, under that hypothetical there would not be work." Docket 5, p. 798-99. A different VE testified in response to an almost identical hypothetical from the ALJ at the second hearing that plaintiff could perform the three unskilled sedentary jobs discussed above. *Id.* at 836. Based upon the second VE's testimony, the ALJ concluded that plaintiff was not disabled. *Id.* at 30. There is no evidence in either the hearing transcript or the ALJ's opinion that the ALJ made any attempt to resolve the obvious conflict between the testimony of the two VE's.

The Commissioner asserts that because plaintiff's previous counsel failed to explore the conflict in vocational testimony at the hearing, plaintiff waived that issue for purposes of appeal. Docket 25, p. 11, citing *Carey v. Apfel*, 230 F.3d 131, 146-47 (5th Cir. 2000). The Commissioner does not make any argument that the ALJ did actually resolve the obvious conflict in testimony,

7

but instead only asserts that plaintiff's counsel did not object to the VE's qualifications and failed to question the VE on the conflict in his testimony with the previous VE's testimony, thereby waiving any right to appeal the error.

The Fifth Circuit has held that failing to point out the error in a defective hypothetical does not automatically salvage the hypothetical as a proper basis for a determination of non-disability. *Boyd v. Apfel*, 239 F.3d 698, 797 (5th Cir. 2001), citing *Bowling v. Shalala*, 36 F.3d 431, 436 (1994). Similarly, a plaintiff's failure to point out the conflict in testimony between two VEs does not automatically salvage the VE's testimony and the resulting RFC and determination of non-disability on appeal. Because the ALJ's opinion is not supported by substantial evidence, must be remanded for a resolution of the conflict in the VE testimony.

Last, plaintiff asserts that the administrative transcript is incomplete because the report from Dr. Dan Murphy, a consultative examining physician upon whom the ALJ placed great reliance, is incomplete. Docket # 24, p. 3. The Commissioner responds that the "plaintiff has the burden to prove she is disabled within the meaning of the Act" and that plaintiff is responsible for providing the evidence the ALJ will use to make a finding as to her RFC. Docket 25, p. 7. While these statements are true, they have nothing to do with the fact that the transcript on appeal is deficient. Dr. Murphy's opinion was requested by the Commissioner; arguing that the plaintiff failed to satisfy her burden of proof in that circumstance is fallacious at best. Similarly weak is the Commissioner's argument that plaintiff did not "follow-up with either the ALJ or the Appeals Council to explicitly request that they obtain more medical records from Dr. Murphy pursuant to 20 C.F.R. § 404.1512(d)." If anyone had a duty to re-contact Dr. Murphy, it was the ALJ/Appeals Council. Despite the Commissioner's suggestion that perhaps the pages

are misnumbered, it is crystal clear to the court that Dr. Murphy's is incomplete, even if the missing page is only a signature page. The court suspects, however, that the missing page contains critical findings that may or may not support the ALJ's findings. Failure to provide a complete administrative transcript was error.

In light of the above detailed errors, the undersigned is of the opinion that the decision of the Commissioner was not supported by substantial evidence and should be remanded for further proceedings consistent with this opinion.

## IV.  PLAINTIFF'S REMAINING ARGUMENTS

This action is hereby remanded to the ALJ for (1) clarification of the conflicts in testimony between the two vocational experts; (2) clarification of the conflicts in testimony by the second vocational expert and the DOT; and (3) completion of the record, specifically obtaining a complete opinion from Dr. Murphy. Because this action is being remanded to the ALJ for further evaluation, the court need not address the merits of the plaintiff's remaining arguments at this time. A separate judgment in accordance with this opinion will be entered this date.

This the 16th day of September, 2013.

                                                   /s/ S. Allan Alexander
                                                   UNITED STATES MAGISTRATE JUDGE